IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (FARMS SERVICE AGENCY),<br><br>**Plaintiff**,<br><br>v.<br><br>JAIME ORTIZ-MALDONADO, MARIA ISABEL VARGAS-VAZQUEZ, CONJUGAL PARTNERSHIP ORTIZ-VARGAS,<br><br>**Defendants**. | **Civil No**. 10-1046 (FAB) |

**DEFAULT JUDGMENT**

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendants JAIME ORTIZ-MALDONADO, MARIA ISABEL VARGAS-VAZQUEZ, and the conjugal partnership constituted by both, for failure to answer or otherwise plead in this case (Docket No.12), the Court

**ORDERS, ADJUDGES, AND DECREES:**

1. On April 17, 1997, the original borrowers subscribed a Mortgage Note for the principal amount of $87,000.00 with interest at the rate of 5.000% *per annum*.

2. The Mortgage Note was subscribed in favor, or to the order, of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture.

3. For the purpose of securing the payment of the note, a mortgage was constituted by Deed Number 9, dated April 17, 1997

**Civil No.** 10-1046 (FAB)                                                              2

before Notary Public Jose Angel Cruz-Ellis, over the following real property:

> "RUSTICA: Parcela localizada en el Barrio Anon del termino municipal de Ponce, compuesta de VEINTIDOS PUNTO NUEVE MIL CERO NOVENTIUN (22,9091) CUERDAS equivalentes a NOVENTA MIL, CUARENTIUN METROS CUADRADOS y OCHENTA Y OCHO CENTESIMAS de metro cuadrado (90,041.88). Colinda por el NORTE, con la parcela numero Veintiuno (21); por el SUR, con las Parcelas numero 11-A y 10-C; por el ESTE, con el Rio Anon; y por el OESTE con la Carretera Estatal numero Quinientos Once (511). Esta finca es atravesada por un camino de acceso que discurre de NORTE a SUR."

Plaintiff's mortgage is recorded at page 249, volume 933 of Ponce, property number 15,071, 5th inscription, at the Registry of the Property of Ponce II, Puerto Rico.

4.  The defendants, owners of record of this property, have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5.  According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the note, and the default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6.  The defendants' indebtedness with the plaintiff is:

    a.  $84,057.09 of aggregate principal;

**Civil No.** 10-1046 (FAB)                                                         3

      b.   Plus, $8,317.12 in interest accrued as of October 20, 2006, which interest amount increases at the daily accrual rate of $11.5147 until its full and total payment;

      c.   Plus insurance premium, taxes, advances, late charges, court costs, expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

    7.   Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the plaintiff the amounts specified and set forth in the preceding paragraph 6.

    8.   In default of the payment of the sums specified or of any part of them within the ten (10) days from the date of entry of this judgment, the property shall be sold by the Marshal of this District at public auction to the highest bidder, without an appraisement or right of redemption, for the payment and satisfaction of plaintiff's debt within the limits secured by the mortgage.

    9.   The Marshal of this District shall make the sale in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks. The amount of $87,000.00, shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award

**Civil No.** 10-1046 (FAB)                                                                 4

or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The Marshal of this District shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  The sale shall be subject to the confirmation of this Court.  Upon confirmation of the sale, the Marshal shall execute the corresponding deed of judicial sale to the purchaser.  The purchaser shall then be entitled to the delivery of the property sold and its physical possession, in accordance with law.  The possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

     10.  Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

         a.   To the payment of all proper expenses attendant upon the sale;

         b.   To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in paragraph 6;

**Civil No.** 10-1046 (FAB)                                                              5

      c.  If after making the above payments there is a surplus, the surplus shall be delivered to the clerk of this Court, subject to further orders of the Court;

      d.  In case the proceeds from the sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendants and shall have execution for the deficiency.

11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to record the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for any further order as it may deem advisable to its interest, in accordance with the terms of this Judgment and the clerk shall proceed to issue all necessary writs to enforce and execute any order issued by the Court.  Fed.R.Civ.P. 77(a).

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, March 23, 2010.

                                                  s/ Francisco A. Besosa
                                                  FRANCISCO A. BESOSA
                                                  UNITED STATES DISTRICT JUDGE